**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **FRANCES MARIE SMITH** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 06-7875** |
| | * | |
| **ALLSTATE INSURANCE COMPANY** | * | **SECTION "L"(3)** |

### ORDER & REASONS

Before the Court is Allstate Insurance Company's Motion for Partial Summary Judgment on Bad Faith and Emotional Distress (Rec. Doc. No. 46).  For the following reasons, the motion is GRANTED.

**I.      BACKGROUND**

This case arises out of an insurance dispute over hurricane damage caused to the Plaintiff's property.  The Plaintiff alleges that the Hurricane caused severe damage to her property at 11425 Will Stutley Drive in New Orleans, Louisiana.  Plaintiff held an insurance policy issued by Allstate Insurance Company ("Allstate") and claims that she sustained damage to her home. Plaintiff asserts several claims including breach of contract, intentional infliction of emotional distress, and failure to properly adjust the claim. The limits of the flood insurance policy for Dwelling were $112,500 and for Unscheduled Personal Property was $20,000. The Plaintiff has recovered the limits of her flood insurance policy. The Plaintiff was also insured under an Allstate Deluxe Homeowners Policy with limits of $112,477 for Dwelling, $11,248 for Other Structures, and $78,734 for Personal Property, Additional Living Expenses up to 12 months, Family Liability Protection up to $100,000 each occurrence, Guest Medical Protection up to $1,000 each occurrence and Loss Assessments up to $1,000 each occurrence.

On August 29, 2005, Hurricane Katrina struck New Orleans. As a result of the hurricane, the Plaintiff's property suffered damage. On August 31, 2005, the Plaintiff made a claim under her flood policy. The adjuster assigned to initiate the loss adjustment contacted the Plaintiff, conducted an inspection and found extensive damage. Allstate then issued a check for $7,569.63 to the Plaintiff. The Plaintiff then contacted the Defendant to request a supplemental inspection of the Plaintiff's home. The Plaintiff submitted an estimate of her damages to the adjuster on February 3, 2006. The adjuster inspected the exterior of the Plaintiff's home on February 6, 2006, and the interior on April 15, 2006. The adjuster determined that there were further wind-related damages, and on May 13, 2006, Allstate issued the Plaintiff a check for $3,708.75. Allstate then paid the Plaintiff an additional $20,721.97.

On October 11, 2006, the Plaintiff filed suit in state court. The Plaintiff has sought damages for failure to receive policy limits, emotional distress, inconvenience, attorneys fees and costs, and any other penalties recoverable by law. The Defendant has answered and denies liability. The Defendant asserts that the Plaintiff has been fully compensated. The Defendant further asserts that the Plaintiff's homeowner insurance policy specifically excludes coverage for loss caused by flood, or loss when there are two or more causes of loss to property and the predominant cause is excluded.

## II. THE MOTION

Allstate moves for partial summary judgment on bad faith claims under Louisiana Revised Statutes 22:658 and 22:1220 on three grounds. First, Allstate argues that there is no evidence that the Defendant acted arbitrarily and capriciously in handling the Plaintiff's claims. Second, the Defendant argues that if the Court finds that Allstate acted in bad faith, the Plaintiff may not recover damages for their alleged nonpecuniary losses because this is an insurance

contract claim. Third, the Defendant asserts that if the Court finds that Allstate acted in bad faith, there is no evidence that Plaintiff's emotional and physical distress was caused by Allstate's handling of the claim. As the Court decides the matter on the bad faith claim, the Court need not reach the other issues raised by the Defendant in its motion.

The Defendant argues that there is no evidence that it has acted arbitrarily and capriciously because there is a dispute as to the extent to which Plaintiff's property was damaged by wind as opposed to flood, and the Plaintiff has not submitted adequate proofs of loss. The Defendant notes that the only contents list provided by the Plaintiff did not include receipts, supporting documentation of ownership, or an explanation as to whether the contents were damaged by wind or flood. The Defendant states that it is still not clear which contents were damaged by a covered peril. Defendant states that the Plaintiff has already been compensated for some of the contents under their flood policy. Because of the dispute of the extent of wind damage to the Plaintiff's property, the Defendant further argues that it did not act in bad faith in adjusting the Plaintiff's claim. Allstate's adjusters found minimal damage from wind to Plaintiff's roof, car port, chain link fence, and small interior damage, and Allstate has paid the Plaintiff for those damages.  The Defendant argues that is disputed whether a covered peril rendered the Plaintiff's home uninhabitable.

The Plaintiff's response focuses on the acts of their prior counsel. The Plaintiff also argues that mediation is currently pending and that the Defendant's motion has been filed in bad faith. The Plaintiff argues that all documentation has been provided to this Court, or, in the alternative, the requested documents were destroyed during the hurricane. The Plaintiff complains that the Defendant has cancelled several meetings, and the Plaintiff has answered all requests made by the Defendant. The Plaintiff claims that the information submitted constituted

adequate proof of loss, and that the Defendant has acted in bad faith in refusing to release
$58,000 in allegedly uncontested damages for contents.

## III. LAW AND ANALYSIS

Summary judgment is appropriate in a case if "there is no genuine issue as to any
material fact." Fed. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating that
there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 501
F.Supp.2d 776, 781 (E.D. La. 2007). In determining whether a genuine issue of material fact
exists, the Court must "review the facts drawing all inferences most favorable to the party
opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But
because "only those disputes over facts that might affect the outcome of the lawsuit under
governing substantive law will preclude summary judgment," questions that are unnecessary to
the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812
F.2d 265, 272 (5th Cir. 1987).

Louisiana law provides that statutory penalties may be assessed against insurers in
certain situations for failure to timely resolve claims or pay settlement awards. For example,
Louisiana Revised Statute § 22:658 provides that failure to timely pay or attempt to settle a claim
in certain circumstances shall subject the insurer to a penalty "when such failure is found to be
arbitrary, capricious, or without probable cause."  La.Rev.Stat. Ann. § 22:658(B)(1). Similarly,
Louisiana Revised Statute § 22:1220 sets forth that an insurer that breaches its "duty of good
faith and fair dealing" to the insured shall be subject to statutory penalties.  La.Rev.Stat. Ann. §
22:1220.

Under Louisiana law, however, the determination of whether an insurer acted
arbitrarily, capriciously, or without probable cause necessarily depends on the facts of each

individual case. *See Roberie v. S. Farm Bureau Cas. Ins. Co.*, 194 So.2d 713, 716 (La.1967) ("A determination as to what constitutes bad faith or lack of good faith depends on the facts and circumstances of each case."); see also *Combetta v. Ordoyne*, 04-2347, pp. 8-11 (La.App. 1 Cir. 5/5/06); 934 So.2d 836, 842-43 ("In order to determine whether or not an insurer acted reasonably and in good faith in negotiating and settling a claim, one must look to the facts of the individual case."). Moreover, in bad faith actions against an insurer, the insured bears a considerable burden because "the insured is seeking extra-contractual damages, as well as punitive damages." *See Lewis v. State Farm Ins. Co.*, 41-527, p. 25 (La.App. 2 Cir. 12/27/06); 946 So.2d 708, 725. The insured must prove that the "insurer knowingly committed actions which were completely unjustified, without reasonable or probable cause or excuse." See *Holt v. Aetna Cas. & Sur. Co.*, 28450-CA, p. 18 (La.App. 2 Cir. 9/3/96); 680 So.2d 117, 130.

Turning to the instant case, the Court finds that Allstate did not act arbitrarily, capriciously, or without probable cause in resolving the Plaintiff's insurance claims. The Plaintiff has already recovered the limits of their flood insurance policy.  The Defendant adjusted the Plaintiff's claim and provided her payment in the amount of $7,569.63. The contents list provided by the Plaintiff did not include receipts and there is a dispute as to the extent to which Plaintiff's property was damaged by wind as opposed to flood. After the Plaintiff submitted further information about damages and requested a supplemental inspection, Allstate sent an adjuster to the property and reevaluated the extent of damage to her property. After the reevaluation, Allstate paid the Plaintiff an additional $3,708.75 and $20,721.97. Although it may well be true that these amounts are not sufficient to fully compensate the Plaintiff for the damages to the property not already paid for under the flood insurance, the fact that the parties dispute the total cost of repairs caused by a covered peril does not warrant the imposition of

statutory penalties for bad faith. As a result, the Court finds that Allstate is entitled to summary judgment as to the claims for statutory bad faith penalties.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant Allstate Insurance Company's Motion for Summary Judgment on Bad Faith and Emotional Distress (Rec. Doc. No. 46) is GRANTED.

New Orleans, Louisiana this 3rd day of November, 2008.

UNITED STATES DISTRICT JUDGE