UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FRANCES MARIE SMITH** | \* | **CIVIL ACTION** |
| | \* | |
| **VERSUS** | \* | **NO. 06-7875** |
| | \* | |
| **ALLSTATE INSURANCE COMPANY** | \* | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is Allstate Insurance Company's Motion for Summary Judgment to Dismiss All Remaining Claims on Bad Faith and Emotional Distress (Rec. Doc. No. 67) and the Plaintiff Frances Marie Smith's Motion for Reconsideration (Rec. Doc. No. 77).  For the following reasons, the Plaintiff's Motion for Reconsideration is DENIED and the Defendant's Motion for Summary Judgment is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an insurance dispute over hurricane damage caused to the Plaintiff's property. On August 29, 2005, Hurricane Katrina struck New Orleans. As a result of the hurricane, the Plaintiff's property at 11425 will Stutley Drive suffered damage. At the time, the Plaintiff held an insurance policy issued by Allstate Insurance Company ("Allstate") and claims that she sustained damage to her home. The Plaintiff asserts several claims including breach of contract, intentional infliction of emotional distress, and failure to properly adjust the claim. The limits of the flood insurance policy for Dwelling were $112,500 and for Unscheduled Personal Property was $20,000. The Plaintiff has recovered the limits of her flood insurance policy. The Plaintiff was also insured under an Allstate Deluxe Homeowners Policy with limits

of $112,477 for Dwelling, $11,248 for Other Structures, and $78,734 for Personal Property, Additional Living Expenses up to 12 months, Family Liability Protection up to $100,000 each occurrence, Guest Medical Protection up to $1,000 each occurrence and Loss Assessments up to $1,000 each occurrence.

On August 31, 2005, the Plaintiff made a claim under her flood policy. The adjuster assigned to initiate the loss adjustment contacted the Plaintiff, conducted an inspection and found extensive damage. Allstate then issued a check for $7,569.63 to the Plaintiff. The Plaintiff then contacted the Defendant to request a supplemental inspection of the Plaintiff's home. The Plaintiff submitted an estimate of her damages to the adjuster on February 3, 2006. The adjuster inspected the exterior of the Plaintiff's home on February 6, 2006, and the interior on April 15, 2006. The adjuster determined that there were further wind-related damages, and on May 13, 2006, Allstate issued the Plaintiff a check for $3,708.75. Allstate then paid the Plaintiff an additional $20,721.97.

On October 11, 2006, the Plaintiff filed suit in state court. The Plaintiff has sought damages for failure to receive policy limits, emotional distress, inconvenience, attorneys fees and costs, and any other penalties recoverable by law. The Defendant answered and denied liability. The Defendant asserts that the Plaintiff has been fully compensated. The Defendant further asserts that the Plaintiff's homeowner insurance policy specifically excludes coverage for loss caused by flood, or loss when there are two or more causes of loss to property and the predominant cause is excluded.

On September 16, 2008, the Court granted Allstate's Motion for Partial Summary Judgment barring double recovery by the Plaintiff (Rec. Doc. No. 28), which was unopposed. Smith received $132,500 under her flood insurance policy for damages to her property and its

contents ($112,500 for dwelling and $20,000 for contents). The Defendant Allstate sought to limit the Plaintiff's recovery for dwelling and contents under her homeowner's policy by what she had already recovered for the same damages under her flood policy, and to prevent double recovery.

On November 3, 2008 the Court granted the Defendant's Motion for Partial Summary Judgment, barring recovery for bad faith and emotional distress. The Court determined that the Defendant did not act arbitrarily, capriciously, or without probable cause. Allstate paid the Plaintiff $7,569.63 for damages to the dwelling, and then $3,708.75 and an additional $20,721.97 for damages to the roof and carport. The only contents list provided by the Plaintiff did not include receipts, and it was not clear what damages were caused by wind as opposed to flood. Therefore, the Court found that the dispute over the total cost of repairs did not warrant the imposition of statutory penalties for bad faith.

## II. MOTION FOR RECONSIDERATION

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir.1994); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990); Fed.R.Civ.P. 59(e), 60(b). If the motion is filed within ten days of the rendition of judgment, it shall be governed by Rule 59(e); if the motion is filed after ten days of the rendition of judgment, it shall be governed by Rule 60(b). *Lavespere*, 910 F.2d at 173. In the present case, the Court entered its ruling on November 3, 3008. Smith's motion for reconsideration was filed on November 28, 2008. Accordingly, Smith's motion was filed more than ten days after the

Court's ruling and, as such, is subject to the standards of Rule 60(b).

Under Rule 60(b), a district court may reconsider an earlier order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief. Fed. R. Civ. Proc. 60(b).

In the motion, Ms. Smith does not bring forth any new evidence, but instead, asserts that the Court erred in its Order and Reasons. She also reasserts arguments she set forth in her original response memorandum to Allstate's Motion for Partial Summary Judgment on Bad Faith and Emotional Distress. The Court finds that it correctly resolved Allstate's prior motion and did not commit an error of law.

## III. MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 776, 781 (E.D. La. 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812

F.2d 265, 272 (5th Cir. 1987).

Allstate moves for partial summary judgment to dismiss all of the Plaintiff's remaining claims. Allstate claims that the Plaintiff has received more than she is entitled to for contents, structure, and additional living expenses. It further states that any other sums that the Plaintiff is seeking constitute damages for bad faith, which are barred by this Court's previous order granting partial summary judgment for the Defendant on Plaintiff's bad faith claims. *See* Rec. Doc. No. 61. In response, Ms. Smith states that this Court improperly barred her bad faith claims. The Plaintiff's arguments focus exclusively on her desire to receive bad faith and emotional damages. Because the Court declines to reconsider its Order and Reasons barring recovery for bad faith and emotional damages, the Court now evaluates Allstate's argument that the Plaintiff's claims have been satisfied.

In accordance with this Court's Order and Reasons dated September 16, 2008, the Plaintiff is not entitled to double recovery. *See* Rec. Doc. No. 41. The Plaintiff's demand stated that $17,000 remained due for damages to the structure. *See* Rec. Doc. No. 67-2. Considering the amounts already recovered for damage to the dwelling caused by flood ($112,500), and amounts previously paid by Allstate to Ms. Smith for wind damage,[1] this Court finds that the Plaintiff has no remaining claims for structural damage.

As for damages for contents, Allstate states that the Plaintiff has not produced a single receipt establishing the value or ownership of the alleged damaged contents. The Plaintiff's demand identified a loss in contents at $58,000. Allstate has paid the Plaintiff $58,000 for contents. The Plaintiff's claim for contents has been satisfied.

---

[1]$7,569.63 on December 13, 2005, $20,721.97 on or around February 15, 2007, and on November 20, 2008, $17,000.

According to Allstate, the Plaintiff has only provided evidence of $10,400 in additional living expenses. In spite of this, the Plaintiff requested $12,000 for living expenses. Allstate paid the Plaintiff $12,000 for these expenses on November 20, 2008. Accordingly, the Plaintiff's claim for additional living expenses has been satisfied.

The remaining claims for damages of the Plaintiff include loss of income and professional licenses, lost political aspirations, pain and suffering, voluntary concealment of all legal activities, book deal, and family conditions totaling approximately 11.8 million dollars. These all constitute bad faith and extra-contractual damages. La. Civ. Code art 1998 states, "Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss. Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee." The Plaintiff has set forth no evidence that the Defendant intended to aggrieve the feelings of the Plaintiff. Furthermore, the Court has already stated that the Plaintiff's recovery for bad faith and emotional damages under Louisiana Revised Statutes 22:1220 and 22:658 are barred. *See* Rec. Doc. No. 61. Accordingly, all of the claims for which the Plaintiff can recover have been satisfied.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff Frances Smith's Motion for Reconsideration (Rec. Doc. No. 77) is DENIED, and Defendant Allstate Insurance Company's Motion for Summary Judgment to Dismiss all Remaining Claims (Rec. Doc. No. 67) is GRANTED.

New Orleans, Louisiana this 4th day of December, 2008.

_____
UNITED STATES DISTRICT JUDGE

Clerk to send by certified mail:
    cc: Frances Marie Smith
        4250 East Renner Road
        # 2121
        Richardson, TX 75082